Joseph Lewis et al *v.* R. T. Adams, Lindsey, et al.

**Descent and Distribution—Sale of Trust Property—Wills.**
>   Under a will, property was devised to a wife, and in the event of her marriage, to be sold and distributed in connection with her children; she sold property of $600 and invested it in lands, and shortly thereafter married: Held that the distributees were equitably substiuted to a correspondent equity in the land.

**Same—Notice—Subsequent Purchasers.**
>   Subsequent purchasers of the land are held to have been purchasers with notice of this equity.

**Guardian and Ward—Fiducial Relations—Estoppel.**
>   The fiducial relations of a guardian will estop him from denying the interest of his wards in land, sold by order of court and bought in by him for a mere trifle.

APPEAL FROM TODD CIRCUIT COURT.

October 11, 1869.

Opinion of the Court by Judge Robertson:

By his will W. R. Marion gave to his wife some personal property and a slave *Dave,* directing, in the event of her marriage, a sale of the property and a distribution of the proceds between her

and their infant children. She sold Dave for $600, and with the greater part of the proceeds bought, jointly with her brother, a tract of land of about 54 acres in Todd county, Kentucky. Not long afterwards she intermarried with J. T. Lindsey, who, being appointed guardian of her infant children, forthwith proceeded as guardian to obtain, in twenty days after filing his petition, a decree for selling the interest of his wards in the said land, and, at the decretal sale he bought it for $46.60, and the commissioner conveyed to him the title. In a few days afterwards he sold the entire tract for $750. This suit was brought to set aside the purchase of Lindsey, and to sell the interest of the petitioners, who alleged that the land was fraudulently sacrificed.

Their petition, concurred in by the mother, was dismissed, and we think erroneously.

By the conversion of Dave into land the infant legatees were equitably substituted to a correspondent equity in the land.

Lindsey is estopped to deny that interest in the land. His fiducial relation and the trifle he paid make his purchase at the decretal sale is constructively fraudulent, and entitle his wards to a restitution of their portion of the land, or portion of the price he sold it for. As it was the duty of his vendees, immediate or remote, to look into his title and they must be presumed to know that it was voidable, and cannot claim to have been *bona fide* purchasers without notice of the equity of the appellants, who have a right to avoid all the sales unless on a judicial settlement with their guardian, ample justice can be assured to them in some other way.

The circuit court, therefore, erred in dismissing the petition, and that judgment is reversed and the cause remanded for further proceedings.

*Lowry, for appellants.*

*Petrie, for appellees.*